**Reginald YOUNG, Appellant**

v.

**Troy LEVI, Warden, F.D.C.—Phila.; U.S. Attorney General (Acting); John Clark, Director, U.S. Marshal's Service.**

No. 07–4452.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 25, 2008.

Opinion filed: Dec. 17, 2008.

Reginald Young, Philadelphia, PA, pro se.

Before: MCKEE, RENDELL and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Reginald Young appeals the District Court's dismissal of his § 2241 petition as frivolous. In August 2005, Young was indicted and charged with three counts of drug trafficking. In June 2006, after a three-day jury trial, Young was convicted on all counts. He has not yet been sentenced. On October 11, 2007, Young filed a petition pursuant to 28 U.S.C. § 2241. He argued that his arrest, detention, and indictment were unlawful, and he was being held in violation of Due Process. He argues that he was misled by his attorney into stipulating that some evidence that had been destroyed was four kilograms of narcotics.[1] He also contends that the grand jury indictment was procedurally defective, and that the prosecution withheld exculpatory evidence. The District Court dismissed the petition as frivolous. Young filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. The District Court is not required to act on Young's *pro se* filings while he is represented by counsel. *United States v. Essig,* 10 F.3d 968, 973 (3d Cir.1993). Accordingly, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6. Young's motion to dismiss the appeal without prejudice is denied.

1. In denying Young's motions for judgment of acquittal and for a new trial, the District Court noted that the drugs involved in Young's criminal case were not destroyed as had been originally thought. Moreover, the District Court noted that Young's defense was that he was not involved in the drug transaction—not that the transfer of those drugs never occurred.